**MALAMUT & ASSOCIATES, LLC**
Mark R. Natale, Esquire - 316939
457 Haddonfield Road, Suite 500
Cherry Hill, NJ 08002
(856)-424-1808
*Attorneys for Plaintiff*

---

**UNITED STATES DISTRICT COURT**

|  |  |
|---|---|
| | **EASTERN DISTRICT OF PENNSYLVNAIA** |
| **Plaintiff** | |
| **v.** | *Civil Action* |
| **CLIFFSIDE** | **No.** |
| **Defendant** | |

---

**CIVIL ACTION COMPLAINT**

**COMMON FACTS**

1.      STEPHEN MATTSON (hereinafter "Plaintiff") is an adult individual residing at

1302 Old Wilmington Road, Coatesville, Pennsylvania.

2.      Cliffside(hereinafter  "Defendant"), is a business, company, entity, partnership,

franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws

of the Commonwealth of Pennsylvania. Plaintiff worked at the location 210 Modena Road,

Coatesville, Pennsylvania.

3.      Jusrisdiction and venue are appropriate in the Eastern District of Pennsylvania.

The Eastern District of Pennsylvania has general jurisdiction over Defendant as they conduct

business in the district and specific jurisdiction over this complaint as the actions underlying the

lawsuit took place in this district and vicinage.

4.      At all times material and relevant to this complaint, defendant was acting by and

through its agents, servants, workmen, employees and/or representative who were acting within

the course and scope of their employment and/or agency with said defendant.

4.      The conduct, action and/or omissions of the agents, servants, workmen, employees and/or representatives of defendant is imputed to defendant and it is fully liable for the conduct, action and/or omissions for its agents, servants, workmen, employees and/or representatives.

5.      Plaintiff worked for the Defendant.

6.      During his employment, Plaintiff applied for leave under the Family Medical Leave Act to take care of his father who was suffering from cancer.

7.      Plaintiff was eligible for and was granted intermittent leave, allowing him to take off two days a week for doctor's visits and once a month for homecare.

8.      Plaintiff's supervisor always had an issue with it, and would always make comments to other employees about Plaintiff using his FMLA leave. This included making the despicable accusation that Plaintiff was out hunting and not caring for his sick father.

9.      Plaintiff complained about his supervisors about the harassment but nothing was done.

10.      Rather than address the retaliation, Defendant terminated the Plaintiff on February 20, 2023.

11.      Plaintiff's termination of the Plaintiff willfully violated the Family Medical Leave Act.

## COUNT ONE

## FAMILY MEDICAL LEAVE ACT

## INTEFERENCE AND RETALIATION

18.      Paragraphs 1-17 are incorporated herein as if set forth at length.

19.      Defendant was a covered employer under FMLA.

20.    Plaintiff was an employee who qualified for FMLA leave and was granted intermittent FMLA leave.

21.    Plaintiff's right to take leave was intereferred with and she was retaliated against, for taking leave that he was entitled to under FMLA.

22.    The interference and retaliation was willful, as Plaintiff was terminated.

**WHEREFORE**, plaintiff respectfully requests economic, non-economic, attorneys fees, and all statutory damages under the FMLA against defendant together with punitive damages, as well as attorneys fees, costs, interest, and other relief the Court may deem appropriate under the circumstances and under the Family Medical Leave Act.

**MALAMUT & ASSOCIATES, LLC**

/s/ Mark R. Natale
Mark R. Natale, Esquire
*Attorneys for Plaintiff*